IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBIN A. SCHMITT,                  )
                                   )
             Plaintiff,            )
                                   )
     v.                            ) Civil Action No. 04-1135
                                   )
JO ANNE B. BARNHART,               )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
             Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _12th_ day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on April 9, 2002, alleging disability beginning November 25, 2000, due to manic depression, bipolar disorder and hepatitis C. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on October 20, 2003, at which plaintiff appeared represented by counsel. On January 30, 2004, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 38 years old at the time of the administrative hearing and is classified as a younger individual under the

2

regulations.   20 C.F.R. §§404.1563(c), 416.963(c).   She has a tenth grade education.   Plaintiff has past relevant work experience as a cashier and a customer service representative, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.   The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of hepatitis C, chronic back pain, bursitis and depression, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a significant range of light work with certain non-exertional limitations.   Plaintiff requires work that does not involve frequent changes in work settings and that does not require her to deal with the public, handle complex decisions, follow detailed instructions or cope with stress in critical situations.   In addition, plaintiff requires work that limits her to minimal interaction with peers and supervisors.   Finally, plaintiff must avoid work that involves exposure to dust, fumes,

3

odors, gases or chemicals (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a hand packer, production inspector or assembler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations governing the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in

4

sequence: (1) whether the claimant is currently engaged in
substantial gainful activity; (2) if not, whether she has a severe
impairment; (3) if so, whether her impairment meets or equals the
criteria listed in Appendix 1; (4) if not, whether the claimant's
impairment prevents her from performing her past relevant work;
and (5) if so, whether the claimant can perform any other work
that exists in the national economy, in light of her age,
education, work experience and residual functional capacity.  Id.;
see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).  If
the claimant is found disabled or not disabled at any step,
further inquiry is unnecessary.   20 C.F.R. §§404.1520(a)(4),
416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d
Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step
5 of the sequential evaluation process.   At step 5, the
Commissioner must show that there are other jobs that exist in
significant numbers in the national economy which the claimant can
perform consistent with her age, education, past work experience
and residual functional capacity.   20 C.F.R. §§404.1520(g)(1),
416.920(g)(1).   Residual functional capacity is defined as that
which an individual still is able to do despite the limitations
caused by her impairments.   20 C.F.R. §§404.1545(a)(1),
416.945(a)(1); Fargnoli, 247 F.3d at 40.   In assessing a
claimant's residual functional capacity, the ALJ is required to

AO 72A
(Rev.8/82)

consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on numerous grounds, none of which the court finds persuasive. Plaintiff's challenges to the ALJ's step 5 finding include the following: (1) the ALJ improperly disregarded the opinions of her treating physicians; (2) the ALJ's hypothetical to the vocational expert was flawed because it did not include all of her limitations; and (3) the ALJ improperly determined her residual functional capacity.

Plaintiff first contends that the ALJ improperly disregarded the opinions of her treating physicians. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the opinions of plaintiff's treating physicians were not entitled to controlling weight.

Dr. Bryan Norton, a psychiatrist, stated that plaintiff temporarily was disabled from July 29, 2002 to January 31, 2004 due to a mood disorder. (R. 429, 431). Dr. Norton's opinion was set forth on a medical assessment form for state welfare benefits.

6

Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §§404.1504, 416.904. Here, Dr. Norton's opinion that plaintiff temporarily was disabled simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion. Furthermore, despite his opinion of disability on the state welfare form, Dr. Norton's own treatment notes contradict his conclusion. According to the doctor's notes, plaintiff suffered from depression, but she was able to maintain "fairly good overall stability, especially in the face of very demanding situational stressors." (R. 357). In addition, Dr. Norton reported that plaintiff's speech was relevant and coherent, her thought process was well organized, she was able to maintain good focus and her cognition was not distorted. (R. 433). For these reasons, the court finds that the ALJ properly evaluated Dr. Norton's opinion. (R. 17).

Plaintiff next claims that the ALJ did not consider the opinion of Dr. Rajendra Nigam, a psychiatrist who treated plaintiff subsequent to Dr. Norton. Dr. Nigam's treatment notes do not indicate that plaintiff was precluded from working. To the contrary, Dr. Nigam assessed plaintiff's Global Assessment Functioning ("GAF") score as 55-60, which indicates only moderate

7

symptoms, but noted that her highest GAF score in the past year was 65, which indicates mild symptoms. (R. 437, 439, 442, 492). Finally, Dr. Nigam reported that plaintiff was doing very well on her medication and that she did not experience any side effects. (R. 492). Therefore, the court finds that the ALJ properly considered Dr. Nigam's assessment of plaintiff.[1] (R. 17).

Plaintiff also claims that the ALJ ignored Dr. Jose Oliva's report that she suffered from chronic fatigue. Dr. Oliva treated plaintiff for hepatitis C. Although his notes indicate that plaintiff reported feeling tired (R. 460-61), he did not state that she had chronic fatigue, nor did he indicate that she was precluded from working, or restricted in the kind of work she could perform, due to fatigue. For all of these reasons, as well as those discussed above, the ALJ did not improperly disregard the opinions and evaluations of plaintiff's treating physicians.

Plaintiff's next argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not include all of her limitations. In particular, plaintiff claims that the

---

[1]As discussed, the ALJ properly considered Dr. Norton's and Dr. Nigam's respective assessment and opinion of plaintiff's mental condition. Although neither doctor's records indicate that plaintiff's mental condition precludes her from working, the ALJ's RFC Finding accommodated her limitations by restricting her as follows: no frequent changes in work settings; no work that requires her to deal with the public, handle complex decisions, follow detailed instructions or cope with stress in critical situations; and no more than minimal interaction with peers and supervisors.

8

hypothetical should have included a limitation that she must use the restroom every thirty minutes for five minutes, as well as a limitation that she needs to stand and walk around for several minutes every thirty minutes. Although plaintiff claims that these limitations are supported by the medical evidence in this case, she did not cite any portions of the record which would indicate that to be true. To the contrary, none of the medical evidence indicates that plaintiff's physicians identified any such limitations. In fact, plaintiff herself testified that there were no medical restrictions from her doctors. (R. 520).

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. As indicated, nothing in the record suggests that any other limitations claimed by plaintiff should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

9

Plaintiff's final argument is that the ALJ improperly assessed her residual functional capacity. According to plaintiff, her chronic back pain and fatigue preclude her from performing the exertional requirements of light work. Contrary to plaintiff's assertion, there is limited medical evidence in the record of plaintiff's back problem or fatigue.

With regard to her back pain, the consultative examining physician stated that plaintiff's musculoskeletal exam was "absolutely normal". (R. 415). As indicated by the available diagnostic exams, plaintiff's lumbosacral spine X-ray showed only mild osteoarthritis and otherwise was unremarkable, (R. 288, 485), and an X-ray of her cervical spine was unremarkable. (R. 455).

With respect to fatigue, plaintiff testified that her hepatitis C causes it. However, there is no indication in the record that fatigue would preclude plaintiff from performing a range of light work consistent with the RFC Finding. Dr. Oliva did not state that plaintiff was limited due to fatigue or precluded from working because of it. Therefore, the ALJ did not err in determining plaintiff's residual functional capacity.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous.

10

AO 72A
(Rev.8/82)

Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  Christine M. Nebel, Esq.
     220 South Washington Street
     Butler, PA 16001

     Rebecca Ross Haywood
     Assistant U.S. Attorney
     Suite 400, U.S.P.O. & Courthouse
     Pittsburgh, PA 15219

11